IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FLORENTINO RIOS, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § § | CIVIL ACTION NO. 1:23-cv-00075 |
| SPACE EXPLORATION TECHNOLOGIES CORP, JOHN DOE COMPANY, AND JOHN DOE | § § § § § | |
| *Defendants*. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Florentino Rios files his Original Complaint against Defendant Space Exploration Technologies Corp. along with John Doe Company and John Doe, and would respectfully show this Court and Jury as follows:

**I. PARTIES**

1. Plaintiff Florentino Rios is an individual who resides in Texas who may be reached through his counsel of record, Hinojosa Law PLLC.

2. Defendant Space Exploration Technologies Corp. ("SpaceX") is a foreign corporation registered to do business in the State of Texas. This defendant may be served with service of process through its registered agent for service Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company located at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218. *Plaintiff requests a citation.*

3. Defendant John Doe Corporation owned the crane and employed Defendant John Doe to operate it,

4. Defendant John Doe is the crane operator who injured Plaintiff.

## II. MISNOMER/ALTER EGO

5. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## III. JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter based upon complete diversity of citizenship under 28 U.S.C. § 1332. Plaintiff is a citizen of Texas and Defendant is a foreign corporation with its primary place of business in California. This is a civil action, and the amount in controversy exceeds $75,000.000, exclusive of interest and costs.

7. Venue is proper under 28 U.S.C. § 1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Southern District of Texas, Brownsville Division.

## IV. FACTS

8. This case arises from the severe injuries Plaintiff sustained at SpaceX's facility in Brownsville, Texas. On or about June 30, 2021, Plaintiff was working in the course and scope of his employment with CCC Group, Inc., on a construction site owned, overseen, and controlled by SpaceX.

9. While Plaintiff was assisting in the moving of a steel beam using a "come along" tool to hold the beam, John Doe, who was operating John Doe Corporation's crane, negligently and without warning caused the beam to move, which snapped and broke the tool.

10. On information and belief, Defendants failed to implement or follow policies and procedures regarding safe execution of the work or crane safety.

2

11. The tool, which snapped and broke because of the crane operator's actions, struck Plaintiff's face and eye.

12. As a result of this incident, Plaintiff has lost his vision.

## V. RESPONDEAT SUPERIOR

13. Plaintiff incorporates all other paragraphs by reference here fully.

14. Whenever it is alleged that Defendant did or failed to do any particular act and/or omission, it is meant that Defendant, acting individually, or by and through agents, officers, directors, servants, and employees, either did or failed to do that particular act and/or omission, in the course and scope of their employment, agency or contract with Defendant, and in furtherance of Defendant's business. Any entity doing business under an assumed name may be sued in its assumed name for the purpose of enforcing against it a substantive right.

15. Therefore, under the doctrine of respondeat superior, Defendant is vicariously liable for the acts and omissions of its agents, officers, directors, servants, and employees in the course and scope of their employment.

## VI. NEGLIGENCE

16. Plaintiff incorporates all other paragraphs by reference here fully.

17. Plaintiff would show that Defendants had ownership and/or control over the instrumentality and activity in question and thus had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described here.

18. Plaintiff's injuries were proximately caused by Defendants' negligent, careless and reckless disregard of their duty.

19. The negligent, careless, and reckless disregard and breach of this duty consisted of, but is not limited to, the following acts and omissions:

    A.    failing to perform crane operations in a safe, reasonable, and prudent manner as a reasonable person would have under the same or similar circumstances;

    B.    failing operate the crane in accordance with industry standards;

    C.    failing to adequately warn of or make safe dangers or conditions of which Defendant had knew of or should have known;

    D.    rushing operations in a manner that caused crane operations to proceed in an unsafe manner;

    E.    failing to properly train, supervise, monitor, and retain employees;

    F.    failing to implement and enforce policies and procedures;

    G.    failing to follow policies, procedures, and guidelines for safe crane operations;

    H.    injuring Plaintiff by an ongoing dangerous activity that was created by employees, agents and/or on-site representatives;

    I.    failing to use ordinary care as a reasonable person would under the same or similar circumstances;

    J.    failing to maintain and provide proper, safe equipment for safe rigging and lifting;

    K.    failing to engage in a job safety analysis

    L.    failing to maintain and provide a functioning communications system that permitted safe, effective communications between and among their employees and other crew on site; and

    M.    such additional acts of negligence, which will be established as the case progresses.

### VII. **DAMAGES**

20.    As a direct and proximate result of the accident and negligence described above, Plaintiff sustained the following injuries and damages:

    A.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of and such charges are reasonable and were usual

4

      and customary charges for such services;

B.     Reasonable and necessary medical care and expenses that will, in all reasonable probability, be incurred in the future;

C.     Physical pain and suffering in the past;

D.     Physical pain and suffering that will, in all reasonable probability, be suffered in the future;

E.     Physical impairment in the past;

F.     Physical impairment which, in all reasonable probability, will be suffered in the future;

G.     Mental anguish in the past;

H.     Mental anguish which, in all reasonable probability, will be suffered in the future;

I.     Loss of earnings and/or earning capacity in the past;

J.     Loss of earning capacity, which, in all probability, will be incurred in the future;

K.     Disfigurement in the past and future;

L.     Cost of medical monitoring and prevention in the future; and

M.     All other damages to which Plaintiff may be justly entitled and that may be shown through discovery and trial of this case.

## VIII. PREJUDGMENT AND POST-JUDGMENT INTEREST

18. In addition to the above mentioned and foregoing allegations, Plaintiff further pleads that he is entitled to prejudgment and post-judgment interest at the highest rate allowed by law.

## IX. COURT COSTS

19. Plaintiff further seeks recovery of the costs of court incurred in the filing and pendency of this action.

## X. PRESERVING EVIDENCE

20. Plaintiff hereby requests and demands that Defendant preserve and maintain all

evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting there from, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voice mail, text messages, any evidence involving the incident in question, and any electronic image or information related to the referenced incident or damages. Failure to maintain such items will constitute "spoliation" of the evidence.

## XI. ALTERNATIVE PARAGRAPH NO. 1

23. In the alternative, Plaintiff would show that if any injury and/or condition from which he currently suffers was pre-existing, then such condition was aggravated and/or exacerbated by the negligence of the Defendant herein.

## XII. ALTERNATIVE PARAGRAPH NO. 2

24. In the alternative, Plaintiff would show that if he suffers from any subsequent injury and/or condition, then such injury and/or condition was aggravated and/or exacerbated by the negligence of the Defendant herein.

## XIII. JURY DEMAND

25. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury of all issues so triable.

## PRAYER

For these reasons, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and, upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by

law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which the Court determines Plaintiff may be entitled at law or in equity.

Dated: May 9, 2023

Respectfully submitted,

/s/ *Charles M. Stam*
Richard A. Hinojosa
Federal Bar No. 1143270
Charles M. Stam
Federal Bar No. 3438775
HINOJOSA LAW PLLC
3904 Brandt Street
Houston, Texas 77006
Telephone: 713.884.1663
Fax: 713.422.2493
Email: richardhinojosa@hinojosalaw.com
Email: cstam@hinojosalaw.com
Email: e-service@hinojosalaw.com

**ATTORNEYS FOR PLAINTIFF**