IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FLORENTINO RIOS, | § § | |
| *Plaintiff*, | § § | |
| v. | § § § | Civil Action No. 1:23-cv-00075 |
| SPACE EXPLORATION TECHNOLOGIES CORP., JOHN DOE COMPANY, and JOHN DOE | § § § § § | |
| *Defendants*. | | |

# DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORP.'S DEFENSES, ANSWER, AND JURY DEMAND

Defendant Space Exploration Technologies Corp. ("SpaceX" or "Defendant") answers Plaintiff's complaint as follows:

## FIRST DEFENSE

1. Plaintiff fails to state a claim against SpaceX upon which relief can be granted.

## SECOND DEFENSE

2. Plaintiff's actions and negligence are a proximate cause of the occurrence which forms the basis of this lawsuit, Plaintiff's alleged harm, and Plaintiff's claimed damages.

## THIRD DEFENSE

3. A property owner is not liable for personal injury, death, or property damage to a contractor, subcontractor, or an employee of a contractor or subcontractor who constructs, repairs, renovates, or modifies an improvement to real property, including personal injury, death, or property damage arising from the failure to provide a safe workplace. Texas Civil

ANSWER

4.	Subject to the foregoing defenses, Defendant answers Plaintiff's claims and allegations consistent with FED. R. CIV. P. 8(b), by which Defendant denies every claim and each factual allegation in Plaintiff's complaint except as expressly admit herein. Defendant reserves the right to amend this answer after sufficient discovery has been completed.

5.	Defendant lacks sufficient knowledge to form a belief regarding Plaintiff's residence; therefore, Defendant denies the allegations in ¶ 1 of Plaintiff's complaint.

6.	Defendant admits that it is incorporated in Delaware and is registered to do business in the State of Texas. Defendant admits that its registered agent for service in Texas is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company located at 211 East 7th Street, Suite 620, Austin, Texas 78701-321. Defendant denies all other allegations in ¶ 2 of Plaintiff's complaint.

7.	Defendant lacks sufficient knowledge to form a belief regarding John Doe Corporation or John Doe; therefore, Defendant denies the allegations in ¶ 3 of Plaintiff's complaint.

8.	Defendant lacks sufficient knowledge to form a belief regarding John Doe Corporation or John Doe; therefore, Defendant denies the allegations in ¶ 4 of Plaintiff's complaint.

9.	Defendant denies all allegations in ¶ 5 of Plaintiff's complaint.

10.     This paragraph consists of a legal conclusion regarding venue, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in ¶ 6 of Plaintiff's complaint.

11.     Defendant denies the allegations in ¶ 7 of Plaintiff's complaint. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the allegations regarding Plaintiff's injuries.

12.     Defendant denies the allegations in ¶ 8 of Plaintiff's complaint. Defendant is without knowledge or information sufficient to form a belief as to the allegations that Plaintiff claimed regarding Plaintiff's alleged injuries.

13.     Defendant denies the allegations in ¶ 9 of Plaintiff's complaint. Defendant is without knowledge or information sufficient to form a belief as to the allegations that Plaintiff claimed regarding Defendant's alleged relationship with John Doe Corporation or John Doe.

14.     Defendant denies the allegations in ¶ 10 of Plaintiff's complaint. Defendant is without knowledge or information sufficient to form a belief as to the allegations that Plaintiff claimed regarding any polices or procedures related to John Doe Corporation or John Doe.

15.     Defendant denies the allegations in ¶ 11 of Plaintiff's complaint. Defendant is without knowledge or information sufficient to form a belief as to the allegations that Plaintiff claimed regarding any alleged injuries caused by John Doe Corporation or John Doe.

16.     Defendant denies the allegations in ¶ 12 of Plaintiff's complaint. Defendant is without knowledge or information sufficient to form a belief as to the allegations that Plaintiff claimed regarding Plaintiff's alleged injuries.

17.     Defendant denies the allegations in ¶ 13 of Plaintiff's complaint. Defendant reasserts its answers to all other paragraphs by reference as if fully restated herein.

18.     This paragraph consists of legal conclusions, to which no response is required. Defendant denies the allegations in ¶ 14 of Plaintiff's complaint. Defendant is without knowledge or information sufficient to form a belief as to the allegations that Plaintiff claimed regarding Defendant's alleged relationship with John Doe Corporation or John Doe.

19.     This paragraph consists of legal conclusions, to which no response is required. Defendant denies the allegations in ¶ 15 of Plaintiff's complaint. Defendant is without knowledge or information sufficient to form a belief as to the allegations that Plaintiff claimed regarding Defendant's alleged relationship with John Doe Corporation or John Doe.

20.     Defendant reasserts its answers to all other paragraphs by reference as if fully restated herein.  Defendant denies the allegations in ¶ 16 of Plaintiff's complaint. Defendant is without knowledge or information sufficient to form a belief as to the allegations that Plaintiff claimed regarding the denied allegations as referenced herein.

21.     This paragraph consists of legal conclusions, to which no response is required. Defendant denies the allegations in ¶ 17 of Plaintiff's complaint. Defendant is without knowledge or information sufficient to form a belief as to the allegations that Plaintiff

claimed regarding Defendant's alleged relationship with John Doe Corporation or John Doe.

22. This paragraph consists of legal conclusions, to which no response is required. Defendant denies the allegations in ¶ 18 of Plaintiff's complaint. Defendant is without knowledge or information sufficient to form a belief as to the allegations that Plaintiff claimed regarding Defendant's alleged relationship with John Doe Corporation or John Doe.

23. This paragraph consists of legal conclusions, to which no response is required. Defendant denies the allegations in ¶ 19, and each of sub-paragraphs A through M of Plaintiff's complaint. Defendant is without knowledge or information sufficient to form a belief as to the allegations that Plaintiff claimed regarding Defendant's alleged relationship with John Doe Corporation or John Doe.

24. Defendant denies the allegations in ¶ 20 and each of sub-paragraphs A through M of Plaintiff's complaint. Defendant is without knowledge or information sufficient to form a belief as to the allegations that Plaintiff claimed regarding Plaintiff's alleged injuries.

25. Defendant denies the allegations in the second ¶ 18 of Plaintiff's complaint. Defendant is without knowledge or information sufficient to form a belief as to the allegations that Plaintiff claimed regarding Plaintiff's alleged injuries, thus Defendant denies Plaintiff is entitled to prejudgment and post-judgment interest.

26. Defendant denies the allegations in the second ¶ 19 of Plaintiff's complaint. Defendant is without knowledge or information sufficient to form a belief as to the

allegations that Plaintiff claimed regarding Plaintiff's alleged injuries, thus Defendant denies Plaintiff is entitled to costs of court.

27. Plaintiff's second ¶ 20 does not contain an allegation to which a response is required. Defendant denies the allegations in the second ¶ 20 of Plaintiff's complaint.

28. Defendant denies the allegations in ¶ 23 of Plaintiff's complaint. Defendant is without knowledge or information sufficient to form a belief as to the allegations that Plaintiff claimed regarding Defendant's alleged relationship with John Doe Corporation or John Doe.

29. Defendant denies the allegations in ¶ 24 of Plaintiff's complaint. Defendant is without knowledge or information sufficient to form a belief as to the allegations that Plaintiff claimed regarding Defendant's alleged relationship with John Doe Corporation or John Doe.

30. Defendant denies the allegations in the Prayer of Plaintiff's complaint and denies that Plaintiff is entitled to any relief.

## REQUEST FOR JURY TRIAL

31. Defendant asserts its right to a trial by jury on all issues in accordance with FED. R. CIV. P. 38.

## PRAYER

32. Defendant prays each that judgment be rendered in Defendant's favor, either before or at the conclusion of trial, that Plaintiff take nothing by reason of this suit, and that Defendant recovers all costs of court and attorney's fees incurred in defending against Plaintiff's claims, as well as other relief to which Defendant is justly entitled in law and equity.

        Respectfully submitted,

        By: _/s / David A. Oubre_
        David A. Oubre
        Attorney-In-Charge
        Texas Bar No. 00784704
        david.oubre@lewisbrisbois.com
        Zach Carrabine
        Texas Bar No. 24116169
        zach.carrabine@lewisbrisbois.com

OF COUNSEL:
LEWIS BRISBOIS BISGAARD & SMITH, LLP

24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767
(713) 759-6830 (Fax)
Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2023 a true and correct copy of the foregoing has been forwarded to the following counsel of record through and in accordance with the District's ECF service rules.

>Richard A. Hinojosa
>Charles Stam
>Hinojosa Law PLLC
>3904 Brandt Street
>Houston, Texas 77006
>*Attorneys for Plaintiff*

>                              */ s / David A. Oubre*
>                              David A. Oubre